UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERIANO MARTINEZ-MORALES,

             Petitioner,                            Case No. 1:06:CV:541

v.                                           (Criminal Case No. 1:03:CR:233)

UNITED STATES OF AMERICA,          HON. GORDON J. QUIST

             Respondent.

_____/

**OPINION**

Before the Court is Roberiano Martinez-Morales's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (docket no. 1). For the following reasons, this motion will be dismissed.

**I.    Procedural History**

On January 5, 2004, Petitioner pled guilty to being an alien found in the United States after having been convicted of an aggravated felony and deported and without consent to re-enter in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On April 6, 2004, this Court sentenced Petitioner to 77 months' imprisonment, and judgment was entered on April 7, 2004. Petitioner did not appeal his conviction or sentence.

On July 5, 2006, Petitioner filed a motion entitled "Motion for Judicial Request, To Dismiss My Case, Because When I Was Arrested, Authorities Failed to Inform Me (An Alien) of My Right to Consult with my Nation's Consular Official, as Required by the Vienna Convention, Ratified by the United States on November 27, 1969" (criminal docket no. 21). For relief, Petitioner requested that his "indictment be dismissed" and his conviction reversed.

On July 12, 2006, this Court entered an Order (criminal docket no. 22) instructing Petitioner that, on its face, the Court could not construe Petitioner's letter as anything other than a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255. The Court stated that, before recharacterizing his motion as a § 2255 motion, it must warn him that any subsequent § 2255 motion would be subject to the restrictions on "second or successive motions." *See Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002); 28 U.S.C. § 2255. This Court also provided Petitioner with thirty days to withdraw his motion or to amend the motion so that it would contain all of the claims that he wished to raise with regard to his criminal conviction in this Court. *See Castro*, 540 U.S. at 383, 124 S. Ct. at 792.

On July 31, 2006, Petitioner filed a "Motion to Amend Motion for Judicial Request," which the Court deems to be a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. This Court will now address Petitioner's amended claims.

## II.    Discussion

Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

A.      Statute of Limitations Has Expired and There is No Equitable Tolling

As indicated in the July 12, 2006, Order, Petitioner has filed this § 2255 motion outside the one-year statute of limitations period set forth in 28 U.S.C. § 2255.  Judgment was entered on April 7, 2004, but Petitioner did not file his first motion (criminal docket no. 21) until July 5, 2006.  In its July 12, 2006, Order, this Court provided Petitioner with notice and an opportunity to be heard on the statute of limitations issue.  *See Day v. McDonough,* ___ U.S. ___, 126 S. Ct. 1675, 1684 (2006). In his July 31, 2006, motion Petitioner explains that his § 2255 motion was filed out of time because his attorney did not respond to his inquiries and did not inform Petitioner of the one year statute of limitations.

The Court of Appeals for the Sixth Circuit has recognized that the statute of limitations in § 2255 actions may be equitably tolled under certain circumstances.  *See Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).  In determining whether the limitations period should be equitably tolled, a court must apply a five-factor test: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing a claim.

Here, the Court finds that none of the five factors weighs in favor of equitably tolling the statute of limitations.  Petitioner never claims that he was not aware of the one-year statute of limitations, but only that his attorney never responded to his inquiries or told him when to file.  The Court of Appeals for the Sixth Circuit has explicitly held that the statute of limitations should not be equitably tolled merely because a Petitioner received erroneous advice from his or her attorney. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 200 (2004) (stating that "a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a

ground for equitable tolling"); *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'"); *see also Johnson v. Hendricks,* 314 F.3d 159, 163 (3d Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002); *Helton v. Department of Corrections*, 259 F.3d 1310, 1313 (11th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000).  Therefore, this Court holds that the statute of limitations is not equitably tolled and that Petitioner's motion is untimely.

      **B.**      **Claim Regarding Failure to Inform Petitioner About the Mexican Consulate is Procedurally Defaulted**

In his original July 5, 2006, motion, Petitioner claimed that the government unlawfully failed to inform him of his right to consult with the Mexican consulate regarding his status in the criminal justice system.  But this claim must fail because Petitioner did not raise it on direct review and it is procedurally defaulted.  *See Sanchez-Llamas v. Oregon*, ___ U.S. ___, 126 S. Ct. 2669, 2682-2687 (2006); *Breard v. Greene*, 523 U.S. 371, 375-76, 118 S. Ct. 1352, 1355 (1998).

As the Supreme Court has said, § 2255 petitions are not substitutes for direct appeals.  *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994); *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982); *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir. 1998).  The Supreme Court has imposed strict limitations upon the circumstances under which a guilty plea may be attacked on collateral review.  *See Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610 (1998); *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47 (1984).  Because Petitioner failed to challenge his claim on direct appeal, his claim is procedurally defaulted.  *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611; *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999).  As such, Petitioner is barred from raising his claim in a § 2255 motion unless he can demonstrate that "cause" and "actual prejudice" existed to excuse his failure to raise

the issues on direct appeal, or that a constitutional error at the plea proceedings "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986)); *Hampton*, 191 F.3d at 698-99. To show cause, Petitioner must point to "some objective factor external to the defense" that prohibited him from raising his claim on direct appeal. *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645. To show prejudice, he must demonstrate an error that worked to his actual and substantial disadvantage. *Frady*, 456 U.S. at 170, 102 S. Ct. at 1595-96.

Petitioner fails to allege or show that he is actually innocent of the offense for which he pled guilty. Likewise, he fails to allege or show that some external impediment prevented him from pursuing his claim on direct appeal. Moreover, he cannot show prejudice because the issues are without merit. In order to prevail on his § 2255 motion, Petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea. . . ." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Brecht v. Abramson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721 (1993)); *see also Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999). Petitioner has not met this burden.

The procedural default rule does not apply, however, with regard to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel are generally not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

### C.    The Petition Has No Substantive Merit

In essence, Petitioner claims that because Article 36 of the Vienna Convention gives an alien defendant the right to request a consular officer to be notified of the detention and an accompanying right to be informed by authorities of the availability of consular notification, the alleged failure to notify Petitioner in the instant case should lead to the dismissal of the charge against him.  Petitioner analogizes the Vienna Convention to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). Petitioner's argument had recently been rejected by the Supreme Court in *Sanchez-Llamas v. Oregon*, __ U.S. __, 126 S. Ct. 2669, 2682 (2006) ("In sum, neither the Vienna Convention itself nor our precedents applying the exclusionary rule support suppression of Sanchez-Llamas' statements to police.")

### D.    Ineffective Assistance of Counsel Claim

In his amended July 31, 2006, motion, Petitioner claims that his counsel was ineffective for failing to file an appeal with the Court of Appeals for the Sixth Circuit.  In *Regalado v. U.S.*, 334 F.3d 520, 524-25 (6th Cir. 2003), the Court of Appeals for the Sixth Circuit restated the test for determining whether counsel was ineffective for failing to file an appeal.

> *Roe v. Flores-Ortega*, 528 U.S. 470, 120, S.Ct. 1029, 145 L.Ed.2d 985 (2000), announced that the test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-pronged inquiry of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed. 674 (1984).  *See Roe*, 528 U.S. at 477, 120 S.Ct. 1029.  The inquiry requires that a court first ask whether the trial counsel's performance fell below the reasonably accepted professional standard.  Put another way, the court must assess whether "counsel's performance was constitutionally deficient such that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Magana v. Hofbauer*, 263 F.3d 542, 547 (6th Cir.2001). In assessing the attorney's conduct under *Strickland*'s first prong, the Supreme Court said that "courts must 'judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct,' and 'judicial scrutiny of counsel's performance must be highly deferential.'"  *Roe*, 528 U.S. at 477, 120 S.Ct. 1029 (citations omitted).  The second component of the *Strickland* inquiry requires the court to determine whether the "counsel's deficient

performance prejudiced the defendant." *Id.* To establish this prejudice, the petitioner must "demonstrat[e] that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Magana*, 263 F.3d at 547 (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052).

* * * *

The Court . . . state[d] that it is "professionally unreasonable" for a lawyer to fail to file an appeal when specifically instructed to do so. *Roe*, 528 U.S. at 477. . . . Nevertheless, the *Roe* Court rejected a per se rule that an attorney must always file an appeal unless specifically told otherwise, and determined that when the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney "consulted" with the defendant about the benefits and drawbacks of bringing an appeal. *Id.* at 478, 120 S.Ct. 1029. Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added). If, on the other hand, the counsel failed to consult with her client, then the court must address whether the failure to consult, by itself, is indicative of deficient performance. *See id.*

*Regalado*, 334 F.3d at 524-25.

The Court finds that Petitioner's counsel was not deficient under the first *Strickland* prong. Petitioner does not claim that he explicitly requested that his counsel file an appeal within the ten-day window of time allowed to file an appeal. *See* Fed. R. App. P. 4(b). Rather, Petitioner claims only that he tried to contact his attorney in late June 2004, after the U.S. Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and in January 2005, after the U.S. Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). These time periods were outside the window of time permitted to file an appeal.

If no appeal was specifically requested, the next step under *Regalado* is to determine whether counsel consulted with the Petitioner about a possible appeal. *Regalado*, 334 F.3d at 525. In this situation, Petitioner does not allege that no consultation occurred. Furthermore, Petitioner's counsel would not have been deficient if he failed to advise Petitioner to file an appeal. Petitioner was

sentenced on April 6, 2004, before *Blakely* and *Booker* were decided.  At the time of his plea, the law in the Sixth Circuit was that *Apprendi* applied only where the factual finding by the district court would increase a defendant's penalty for a crime beyond the prescribed statutory maximum. *Apprendi* did not apply to calculations under the United States Sentencing Guidelines.  *See United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001).  Petitioner was not sentenced above the statutory maximum.  Even after *Blakely*, the United States Court of Appeals for the Sixth Circuit held that *Blakely* did not vitiate the United States Sentencing Guidelines.  *See United States v. Koch*, 383 F.3d 436, 438 (6th Cir. 2004) (subsequently overruled by *Booker*).  Petitioner's counsel, therefore, did not fail to act as reasonable counsel for not having anticipated the Supreme Court's decision in *Booker*.  Competence, not prescience, is what the constitution requires.  *See United States v. Bradley,* 400 F.3d 459, 463 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 145 (2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature.  A valid plea agreement, after all, requires knowledge of existing rights, not clairvoyance."); *Green v. United States*, 65 F.3d 546, 551(6th Cir. 1995) (lawyer's failure to predict Sixth Circuit's approach to law did not constitute ineffective assistance of counsel); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) (holding that "counsel is normally not expected to foresee future new developments in the law").

Because counsel's conduct was not deficient, even if Petitioner's claim for ineffective assistance of counsel were filed timely, it would nevertheless fail.

## III.    No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing

of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**<u>Conclusion</u>**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases.  In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated:  August 29, 2006                                  /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE